HENRY TONE, as Administrator, etc., Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondents.

Under the provision of the act of 1861, relating to contracts by the corporation of the city of New York (§ 1, chap. 308, Laws of 1861), substituting the comptroller, counsel to the corporation and recorder of said city a Board of Revision and Correction of assessments for local improvements in place of the common council, and devolving upon the new board the power and authority then vested in the common council in reference to such assessments, the said board had the same authority as was conferred upon the common council by the act of 1859, relating to taxes and assessments in said city (§ 17, chap. 302, Laws of 1859), to refer back the assessment-lists to the board of assessors for revisal and correction; and in case of such reference the provision of said act of 1861, providing that if the assessment-lists shall not be confirmed within thirty days by said Board of Revision and Correction, they shall be deemed to be confirmed, does not apply; after they are referred back they cannot be confirmed in any way until they are again certified and presented to the board for confirmation.

The thirty days' limitation contained in the act of 1861, was not repealed by the provisions of the act of 1872 (chap. 580, Laws of 1872), defining the powers of said Board of Revision and Correction.

In May, 1871, T., plaintiff's intestate, contracted to do certain work upon a street of said city. The contract referred to and made a part thereof a city ordinance regulating the mode of making payments for work done under such contracts, which provided that the final payment should not be made until the assessment for the work shall have been confirmed. The work was completed by T. in December, 1872; in March, 1874, the board of assessors completed the assessment-lists, and presented them to the Board of Revision and Correction, by whom they were returned for revision and correction. The lists had not been corrected or again presented to the board for confirmation when this action, which was brought to recover the final payment, was commenced.

*Held,* that the action was prematurely brought, and plaintiff was not entitled to recover ; that it was immaterial whether said Board of Revision and Correction acted legally or illegally in refusing to confirm and in returning the assessment-lists ; they not having been again certified to the board, were not confirmed.

The ordinance referred to and made part of the contract was passed prior to the passage of the act of 1861, and provided for a confirmation " by the common council." *Held,* that the condition as to confirmation was not rendered inoperative by the fact that when the contract was made the common council could not confirm ; that the words, " by the common council," in the ordinance were made inoperative by the act of 1861, and as the parties contracted with reference to that act, the ordinance and the contract are to be read as if these words were stricken out; and the condition required a confirmation by competent authority.

Also *held,* that in the discharge of their duty the Board of Revision and Correction were independent public officers, acting not for the peculiar benefit of the corporation, but for the public good, in obedience to the mandate of the Legislature; and that therefore the city corporation was not responsible for negligence or omission on their part in the discharge of their duties, and so was not liable because of a failure to confirm the assessment.

(Argued June 1, 1877 ; decided June 12, 1877.)

APPEAL from judgment of the General Term of the court of Common Pleas in and for the city and county of New York, affirming a judgment in favor of defendant entered upon an order dismissing plaintiff's complaint on trial.

This action was brought to recover the final payment claimed to be due upon a contract made and entered into by and between Daniel Tone, plaintiff's intestate, and defendant, which said Tone agreed to furnish the necessary materials by and labor for regulating, grading and setting curb and gutter stones, and flagging the sidewalks in One Hundred and Twenty-third street in the city of New York, which contract was dated May 29th, 1871.

The facts appear sufficiently in the opinion.

*John H. Strahan,* for the appellant. The contractor having performed all the conditions of the contract on his part, and defendant having been prevented from confirming the assessment by chapter 308, Laws of 1861, cannot now insist

as against the contractor on the performance of this condition. (*Cumming* v. *Mayor, etc.,* 11 Paige, 596; *Beard* v. *City of Brooklyn,* 31 Barb., 142; *Baldwin* v. *City of Oswego,* 1 Abb. Ct. of Appeals Dec., 62; 2 Keyes, 132; *Bowery Nat. Bk.* v. *Mayor, etc.,* 63 N. Y., 336; *Bowery Nat. Bk,* v. *Mayor, etc.,* 8 Hun, 224.) The want of a confirmation of the assessment in this action was no bar to plaintiff's right to recover. (*People ex rel. Doyle* v. *Green,* 6 N. Y. [Sup. Ct.], 129; *People* v. *Bartlett,* 3 Hill, 570; *Niblo* v. *Bensse,* 44 Barb., 54; *Moses* v. *Bierling,* 31 N. Y., 462; *Glacius* v. *Black,* 50 id., 148; *Cohen* v. *Mut. L. Ins. Co.,* id., 621; *Guidet* v. *Mayor, etc.,* 4 J. & S., 562; *Bowery Nat. Bk.* v. *Mayor, etc.,* 63 N. Y., 336; 8 Hun, 229; 2 Pars. on Con., 173; Chitty on Con., 625.)

*A. J. Requier,* for the respondent. The board of revision and correction in returning to the lower board the assessments for damages and expenses, acted as a judicial body. (*In re Miller,* 1 Daly, 574; *Comr's of Kinderhook* v. *Claw,* 15 J. R., 538; *People* v. *Comr's of Taxes,* 23 N. Y., 192; *People ex rel. Hoyt* v. *Comr's of Taxes,* id., 24; *People ex rel. Bank of Commerce* v. *Comr's of Taxes,* 26 id., 163; *People* v. *Suprs. Liv. Co.,* 43 Barb., 236; *In re Mt. Morris Square,* 2 Hill, 24, 25; *Oakley* v. *Van Horn,* 21 Wend., 307; *Baum* v. *Tarpenny,* 3 Hill, 76; *Stafford* v. *Williams,* 4 Den., 183; *Fuller* v. *Wilcox,* 19 Wend., 351; *People* v. *Mack,* Park. Cr., 578; *Rugg* v. *Spencer,* 59 Barb., 400; *Salters* v. *Tobias,* 3 Paige, 346; *Roosevelt* v. *Kellogg,* 20 J. R., 211; *Empire City Bk.,* 18 N. Y., 208, 209; *Kingsland* v. *Mayor, etc.,* 5 Daly, 451; *Imbert* v. *Hallock,* 23 How. Pr., 459, 461; *Price* v. *Peters,* 15 Abb. Pr., 199; *Rusher* v. *Shearman,* 28 Barb., 417.) Defendant was not responsible for the acts or omission of the board of revision and correction, in relation to this assessment. (*Maximilian* v. *Mayor, etc.,* 62 N. Y., 164, 165; *Dannat* v. *Mayor, etc.,* 6 Hun, 90–92; *Schreyer* v. *Mayor, etc.,* 29 Sup. Ct. R., 1; *Woodbridge* v. *Mayor, etc.,* 49 How., 67; *Ham* v. *Mayor, etc.,* 37 id., 458;

*Terry* v. *Mayor, etc.*, 8 Bosw., 504; *Clarissy* v. *Fire Department*, 7 Abb. ]N. S.], 352; *Green* v. *Mayor, etc.*, C. P. & N. S.; *Miller* v. *Mayor, etc.*, 3 Hun, 35; *Treadwell* v. *Mayor, etc.*, 1 Daly, 123; *Gildersleeve* v. *Bd. Ed'n*, 17 Abb., 201.) The act of 1872 (chap. 580) repealed the provision of the act of 1861 (chap. 702) as to the time in which an assessment would stand confirmed. *Farley* v. *De Waters*, 2 Daly, 192; *People ex rel. v. Bull*, 46 N. Y., 67, 68; *In re Tappan*, 36 How. Pr., 414; *In re Volkening*, 52 N. Y., 651.) The relation of principal and agent did not exist between defendant and the confirming board. (*Brazil* v. *Isham*, 12 N. Y., 15, 17; *Paige* v. *Willett*, 38 id., 28; *Crosby* v. *Leary*, 6 Bosw., 313; *Thomas* v. *Austin*, 6 Barb., 265; *Johnson* v. *McIntosh*, 31 id., 272; *Bridge* v. *Payson*, 5 Sand., 217.)

Earl, J. There is such inextricable confusion in the local laws applicable to the city of New York, caused by their frequent alteration and amendment, that their application and construction are generally matters of difficulty and uncertainty. In this case I have carefully considered all the statutes to which our attention has been called, and while I find that some difficulties would have to be encountered in any conclusion which could be reached, I am satisfied that the most obvious as well as reasonable construction of the statute requires an affirmance of this judgment.

In May, 1871, plaintiff's intestate, Mr. Tone, entered into contract with the defendants to grade One hundred and twenty-third street, in the city of New York, and to set the curb and gutter stones, and to flag the sidewalks thereof. The contract was fully performed by Tone in December, 1872, and this action was brought to recover the final payment claimed to be due thereon.

Some time prior to 1859 an ordinance was passed by the city government regulating the mode of making payments for work done under contracts the expenses of which were ultimately to be assessed upon property benefited, and it was provided substantially that the final payment should not be

made until the assessment for the work shall have been con-
firmed by the common council.

This ordinance was referred to in, and made part of this
contract, and the sole defense set up and relied upon by the
defendants is, that the assessment for the expense of this
work had not been laid or confirmed.

It was provided by Chap. 302 of the laws of 1859, that
the comptroller of the city should appoint three commis-
sioners, who should form a board to be designated, "Com-
missioners of Taxes and Assessments;" and that board, among
other duties, was required to appoint three residents of the
city to constitute a board to be known as the "Board of
Assessors." This latter board was required to make the esti-
mates and assessments for street and other local improve-
ments, and to certify the assessment lists to the common
council; and it was provided in sec. 17 of the chapter, that
whenever the lists were so certified, "it shall be the duty of
the common council to proceed forthwith to confirm such
assessment, or refer the same back to the said board of assess-
ors, if necessary, for revisal and correction; and all such
matters shall have precedence to all other matters before the
common council, or in either board thereof."

By section one of chapter 308 of the laws of 1861, it was
enacted as follows : "The power and authority now vested
in the common council of said city relative to assessment
lists and the confirmation thereof is hereby devolved upon
and vested exclusively in the comptroller, counsel to the
corporation, and recorder of said city, who together shall
constitute a Board of Revision and Correction of all such
assessment lists, and the vote of a majority of such board
shall decide all questions in regard thereto. The revision of
such assessment lists shall be made without delay so that the
same shall be confirmed within thirty days from the time
they shall respectively be presented for confirmation, and if
not so confirmed, they shall be deemed to be confirmed at
the expiration of thirty days from the time they shall be
respectively so presented for confirmation."

Under the law as thus amended, the comptroller, corporation counsel, and recorder, were put in the place of the common council as a Board of Revision and Correction of the assessment lists which were required to be certified to them instead of the common council, and they had all the powers and authority over the lists which were previously possessed by the common council. When lists were certified to them they were required to act upon them without delay. Either one of three things must transpire: (1.) If they did nothing within the thirty days the assessment lists would be confirmed by simple lapse of time. (2.) They could revise and confirm them by affirmative action within that time. (3.) Or within that time, they could (as the common council under the statute of 1859 had the power to do) refer them back to the assessors for revisal and correction. If this last course was taken, the lists might not be confirmed within thirty days from the time of their original presentation. After they were referred back they would not be before the board for confirmation, and they could not be confirmed in any way until they were again certified and presented to the board for confirmation. The second presentation would be as if it were the first, and the board would again have thirty days in which to act upon the lists, and either revise and confirm them, or refer them back for further revisal and correction by the board of assessors. And this same process could be repeated until the assessment list by the action or non-action of the Board of Revision and Correction should be confirmed.

By chapter 580 of the laws of 1872, it was enacted, as follows : " The Board of Revision and Correction of Assessment lists * * * is hereby continued and established, and the said board, or a majority thereof, shall have and perform all the powers and duties relative to the revision, correction and confirmation of assessment lists specified in the various laws relating to assessments in said city, or in or by any such law conferred upon any officer, board or department of the said city. * * * Such board shall have

power to consider, on the merits, all objections made to any assessment, and to subpœna and examine witnesses in relation thereto, and to confirm said assessments, or to refer the same back to the board of assessors for revision and correction in such respects as they may determine." This statute left the board of revision and correction with substantially the same powers and duties which it before possessed, although a little more clearly and fully defined. The thirty days' limitation contained in the act of 1861 was not repealed or superseded. It was still the duty of the board to confirm within the thirty days, and if they took no action the lists would, by lapse of time, be confirmed. The provisions of the act of 1872 are not so inconsistent with this provision in the act of 1861, that they may not stand and co-exist, and hence there is no repeal by implication.

I have thus called attention to the statutes materially pertinent to this case, and their bearing upon the facts of the case must now be considered.

Prior to the 19th day of March, 1874, the board of assessors completed the assessment lists for the expense of the work under Mr. Tone's contract, and the list of award of damages by reason of the change of grade in the street, and on that day the lists were presented to the board of revision and correction for confirmation. On the 25th day of the same month the board took action upon these lists and adopted a resolution returning them to the board of assessors and requesting them to make the assessment conform to the certificate of the comptroller, and omit assessments for and awards of damages on account of change of grades. It does not appear in the appeal book in what respect the assessment lists did not conform to the certificate of the comptroller, or for what cause the damages were directed to be omitted. We cannot therefore assume here that the Board of Revision and Correction acted illegally in returning the assessment lists to the board of assessors, to be revised and corrected as directed. We have no data for such assumption. But they had the power, and it was made their duty to examine

the assessment lists presented to them, and if they found them to be unsatisfactory, or believed them to be erroneous, in the exercise of their revisory power, they could return them for correction. If they returned them for a reason wrong in fact or law, they still acted in a matter over which they had jurisdiction. If their directions were illegal, the assessors might disobey them, and again certify to them the assessment lists, or any party aggrieved could review their action by *certiorari*, or they and the board of assessors could by mandamus be compelled to take such legal action as was necessary to complete and confirm the assessment lists. But in such a case a contractor claiming final payment on his contract could not sue the city, and successfully claim that the assessment lists had been confirmed, although the board had expressly refused to confirm, and had returned the lists to the board of assessors. Hence, whether the board acted for legal or illegal reasons in refusing to confirm the assessment lists, and returning them to the board of assessors for correction, the lists not having been corrected or again presented to the board for confirmation, it can not be said that they had been confirmed when this action was commenced. It follows that the final payment upon the Tone contract, for which this action is brought, was not due at the commencement of the action by the express terms of the contract. The plaintiff was therefore properly defeated, unless for either of the reasons now to be noticed, the difficulty already presented is obviated.

First. The ordinance which was referred to, and made part of the contract, was adopted when the law required the assessment lists to be certified to and confirmed by the common council, and hence it provided for confirmation by the common council before final payment could be made upon a contract. As the common council after the act of 1861 could not confirm, it is argued that the condition as to confirmation in this contract could not be performed, and was therefore inoperative. This argument is unsound. The parties made the contract in view of the law of 1861. It

was not specially written in the contract that the confirmation was to be by the common council; but this was taken in only by reference generally to the ordinance. It is absurd to suppose that the parties actually intended confirmation by the common council. What they meant evidently was confirmation by competent authority. The words " by the common council " in the ordinance were rendered inoperative by the act of 1861, and the parties must be supposed to have known that, and the ordinance and contract may therefore be read as if these words were stricken out, and the condition then required confirmation by competent authority.

Second. It is further contended on behalf of the plaintiff that the confirmation of the assessment was an act to be performed by the corporation through its officers and agents, and hence that it cannot set up the want of a confirmation which its officers and agents unreasonably neglected or refused to make as a defense to this action, while it is conceded that Tone fully performed the contract on his part. This contention would be sound, if the facts assumed were literally true; that is, if the corporation was responsible for the non-confirmation of the assessment, it could not set it up as a defense to this action. But it is no more responsible for this than the plaintiff or any other citizen having a special interest in the performance of the duty by the Board of Revision and Correction. In the discharge of their duties, the members of that board acted as independent public officers, engaged in the public service. They were not selected by the corporation, and it could not control their acts. Their powers were defined by the legislature, and were not what might properly be called corporate powers, and they were not to be exercised for the peculiar benefit of the corporation in its local or special interest, but for the public good, in obedience to the mandate of the legislature. Even if they may properly be called city officers, they are charged with a public service, and for any negligence or omission, therefore, in the discharge of their duties, no action will lie against the city, and the maxim of *respondeat superior* has

no application. (Dillon on Munic. Corp., § 772; *Maxmilian* v. *The Mayor*, *etc.*, 62 N. Y., 164.) The plaintiff had the same power to set these officers in motion and to compel them to do their duty as the defendant. The law did not impose upon it the duty to have the confirmation made, and hence the non-confirmation can in no way be charged to it.

The conclusion is thus reached that a valid condition precedent existed, which had not been performed, or in any way waived or excused, which furnished the defendants a valid defense to the cause of action set out in the complaint.

The judgment must, therefore, be affirmed, with costs.

All concur, except MILLER, J., dissenting; RAPALLO, J., absent.

Judgment affirmed.