THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELIZABETH P. ROBBINS, v. THE MAYOR, ALDER-MEN AND COMMONALTY OF THE CITY OF NEW YORK.

*Certiorari to correct an assessment will not lie to the city of New York — it must be issued to the board having the matter in charge.*

A writ of *certiorari* will not lie to the corporation of the city of New York to correct alleged errors of the board of assessors, or of the board of revision and correction of assessments therein.

The writ must be directed to the board having the matter in charge at the time it issues from the court.

MOTION to compel a further return to a writ of *certiorari* issued herein.

February 11, 1879, a writ of *certiorari* was issued to the respondent to review alleged errors in an assessment for constructing a sewer in the city of New York, which had been confirmed by the board of revision and correction of assessments on December 31, 1877.

It commanded the mayor, aldermen and commonalty to certify and send before the justices of the Supreme Court at General Term, to be held on the first Monday of March, 1879, the decision of the board of revision and correction, and the record thereof, and the assessment list certified to the last mentioned board, and all the matters of record which respondents had within their control, upon which the judgment of the said board of revision and correction of assessments depended.

The assessment was laid for building sewers in Ninety-sixth street, between Eighth and Tenth avenues, and in the Ninth avenue, between Ninety-second and Ninety-sixth streets, with branches.

Upon the return day of the writ a motion was made and argued to quash the writ, but, by some accident, the papers in the case were misplaced.

Recently the relator obtained an order for a reargument, which reargument came on to be heard on the 7th day of January, 1880. The court ordered that the mayor, aldermen and commonalty make a return to the said writ on the third Monday of January,

and that the hearing of said motion to quash be continued until the hearing on said return at the opening of the court on that day. The mayor, aldermen and commonalty thereupon made a return by the Hon. Edward Cooper, mayor of the city of New York. This return certified to the court that none of the papers or records called for by the writ of *certiorari* were within the control of the mayor, aldermen and commonalty, and that therefore they were unable to return the same to this honorable court.

The return further set out that the respondents were informed that the judgment and decision of the board of revision and correction, and the record thereof, were in the possession of the board of revision and correction of assessments, and that the assessment list is in the bureau of arrears, in the custody of the clerk of arrears.

*James F. Ruggles* and *John J. Townsend,* for the relator.

*H. L. Cole,* for the respondent.

*Per Curiam :*

We regard it as extremely well settled that a writ of certiorari will not lie to the corporation of the city of New York to correct alleged errors of the board of assessors, or the board of revision and correction of assessments. That writ should be directed to the board having the matter in charge at the time it issues from the court. (*The People ex rel. Vanderpoel* v. *The Mayor,* MSS. opinion, May General Term ; *Bogart* v. *The Mayor,* 7 Cow., 158 ; *The People ex rel. Law* v. *The Commissioners of Taxes,* 9 Hun, 612 ; *Tone* v. *The Mayor,* 70 N. Y., 165 ; *Maxmilian* v. *The Mayor,* 62 id., 164.)

The principle running through the cases above cited seems to us so strongly entrenched in authority as not to be disturbed except by a court of last resort. The return made by the corporation presents this question, and compels us, in our judgment, to deny the motion for an amended return.

Motion denied, with ten dollars costs.

Present — DAVIS, P. J. ; BRADY and BARRETT, JJ.

Motion denied, with ten dollars costs.