## SUPREME COURT.

HENRY BAMBER, receiver, &c., of HENRY MILES and WILLIAM R. WARREN, appellants, agt. THE CITY OF ROCHESTER, respondent.

*Municipal corporations — Liability of, for acts of executive boards or officers — Boards of health not agents of — Laws of 1850, chapter 324 — When maxim of respondeat superior does not apply.*

Boards of health appointed by a municipal corporation, pursuant to the provisions of Laws of 1850, chapter 324, are not to be deemed servants or agents of the corporation in such a sense as to render it responsible for damages occasioned to third persons by reason of their unlawful acts.

Under the charter of the city of Rochester, providing for the appointment of a board of health in pursuance of the provisions of chapter 324 of Laws of 1850, the board appointed thereunder are not officers of the city nor are they in any sense its officers or agents.

Although the board of health of the city of Rochester is elected by the common council and hold their positions during their pleasure, and the common council can hold them responsible for the manner in which

they discharge their trust, by removing them in case of failure to discharge it properly, yet the council has no power to control them in the discharge of their duties; for a portion of those duties at least are prescribed by the general statute of the state. The duties devolving upon the board of health do not relate to the exercise of corporate powers, neither are their duties for the benefit of the corporation in its local or special interest. Their duties relate to the preservation of the health of the public; the individuals residing in the city may be benefited by the faithful discharge of the duties of such officers; so may the public at large. The duties of such officers are, therefore, public in their nature, and they should be regarded as the servants and agents of the public instead of the corporation.

Accordingly, *held*, that the city of Rochester is not liable or responsible for the acts of its board of health.

*Fourth Department, General Term, January,* 1882.

THIS action was brought by the plaintiff, as receiver of Miles and Warren, against the city of Rochester, to recover the value of a quantity of rags belonging to Miles and Warren, which were destroyed by order of the board of health of the city. The defenses set forth in the answer are:

*First.* That the rags were infectious and dangerous to the public health, and were lawfully destroyed by the board of health.

*Second.* That the defendant is not liable for the acts of the board of health.

Upon the trial the court, upon motion of the defendant's counsel, nonsuited the plaintiff on the ground that the defendant was not liable or responsible for the acts of its board of health. From the judgment entered upon such nonsuit appeal is taken to this court.

*Daniel Wood,* for appellant, contended that Dr. Buckley was the agent or servant of the city, and invoked the doctrine of *respondeat superior.*

*John H. Fanning,* for respondent. The defendant, " The city of Rochester," is not liable for the acts of the board of

health or those of the health officer. The powers of said board of health are derived (1) from defendant's charter ; and (2) from general statute law. All the real powers of the board of health are derived from and controlled by chapter 324, Laws 1850, being the general statute on public health.

II. The acts of officers of the board of health being *public* in their nature, and for the public good, no responsibility therefor attaches to the city. The board and officers thereof, in the exercise of such a function as that in the case at bar, are officers of the state rather than of the respondent (2 *Dillon on Municipal Corporations*, sec. 772 ; *O'Meara* agt. *Mayor of New York*, 1 *Daly*, 425 ; *Smith* agt. *City of Rochester*, 76 *N. Y.*, 506 ; *Jewett* agt. *City of New Haven*, 9 *Am. R.*, 382–391 ; 38 *Conn.*, 368 ; *Fisher* agt. *City of Boston*, 10 *Mass.*, 87 ; *Hafford* agt. *City of New Bedford*, 16 *Gray*, 297 ; *Vanderbilt* agt. *Adams*, 7 *Cowen*, 349–351 ; *Russell* agt. *Mayor of N. Y.*, 2 *Denio*, 461 ; *Ham* agt. *Mayor of N. Y.*, 70 *N. Y.*, 459 ; *Mead* agt. *New Haven*, 40 *Conn.*, 72 ; *Maxmilian* agt. *Mayor*, 62 *N. Y.*, 160–165 ; *McKay* agt. *City of Buffalo*, 9 *Hun*, 401 ; *S. C.*, 74 *N. Y.*, 619 ; *Lorillard* agt. *The Town of Monroe*, 11 *N. Y.*, 392 ; *Tone* agt. *Mayor*, 70 *N. Y.*, 158–165 ; *Ogg* agt. *City of Lansing*, 14 *Am. R.*, 499 ; 35 *Iowa*, 495 ; *Pollock's Administrators* agt. *Louisville*, 13 *W. P. D. Bush's* [*Kentucky*] *R.*, 221 ; *Mitchell* agt. *City of Rockland*, 52 *Maine*, 118).

III. Even if the board of health were officers of the city, the case at bar does not create a liability upon the city. As to the powers, liabilities and legal *status* of boards of health, See 15 *Wendell*, 262–397 ; also 13 *Weekly Digest*, 185.

IV. If the foregoing points are not sound, and the respondent's charter did not authorize the action of Dr. Buckley, the health officer, even then the respondent is not liable in this action. A municipal corporation cannot be made liable for an act of its agent, by a ratification thereof, where the act complained of was of such a nature that the corporation did not possess the power to authorize the doing of it by the

Bamber agt. City of Rochester.

agent (*Boom* agt. *City of Utica*, 2 *Barb.*, 104–111; *Smith* agt. *Rochester*, 76 *N. Y.*, 506; *Sands* agt. *Tompkins*, 8 *Wend.*, 462; *Mills* agt. *City of Brooklyn*, 32 *N. Y.*, 480–497; *Tormey* agt. *Mayor of N. Y.*, 12 *Hun*, 542; *S. C.*, 5 *N. Y. Weekly Digest*, 559).

HAIGHT, *J.* — The only question to be considered is as to the liability of the city of Rochester for the acts of its board of health. Chapter 324 of the Laws of 1850 provides:

"SECTION 1. It shall be the duty of the common council of every city and the trustees of every incorporated village in this State, in which there is not now a board of health duly organized, to appoint once in each year a board of health for such city or village, to consist of not less than three nor more than seven persons, and a competent physician to be the health officer thereof.

"SECTION 3. The several boards of health now organized in any city or village in this State, and the several boards of health instituted under this act, shall have power, and it shall be their duty." Then follow provisions describing the powers and duties of such officers.

The charter of the city of Rochester provides "that not less than three nor more than seven persons, of whom the mayor shall be one, shall constitute the board of health, and one physician to be the physician thereof" (*Sec.* 6, *title* 2). Section 8 of the same title provides that the common council shall annually, or as often as vacancy exists, appoint by ballot such officers, each of which shall hold his office during the pleasure of the common council. The charter also contains some provisions in reference to the powers and duties of such board. It further provides that the provisions of chapter 324 of the Laws of 1850, and the acts amendatory thereof not in conflict, shall be applicable to the board of health of the city of Rochester. The common council is also given power to enact by-laws prescribing the duties of officers appointed by them, and their compensation. It will be seen, therefore, that

the defendant's board of health is elected by the common council of the city, with the exception of the mayor, who, by virtue of his office, is made a member of such board; that as to such officers elected by the council, they hold their office during the pleasure of the council; that their powers and duties are in part provided for by the charter and by the general law of the state already referred to, that the council is given power to enact by-laws further prescribing the duties of such officers; no by-law, however, can be enacted which shall be in conflict with either of the statutes quoted. Dillon, in his work upon municipal corporations, in speaking of the liability of municipal corporations for the acts of servants or agents, says: " If the corporation appoints or elects them and can control them in the discharge of their duties, can continue or remove them, can hold them responsible for the manner in which they discharge their trust, *and if those duties relate to the exercise of corporate powers and for the peculiar benefit of the corporation in its local or special interest*, they may justly be regarded as its agents or servants, *and the maxim of respondeat superior applies;* but if, on the other hand, they are elected or appointed by the corporation in obedience to the statute *to perform a public service not peculiarly local or corporate*, but because this mode of selection has been deemed expedient by the legislature in the distribution of the powers by the government, if they are independent of the corporation as to the tenor of their office, *and the manner of discharging their duties*, they are not to be regarded as the servants or agents of the corporation for whose acts or negligence it is impliedly liable, but as public or state officers with such powers and duties as the statute confers upon them, and the doctrine of *respondeat superior* is nonapplicable " (2 *Dillon's M. C., sec.* 772).

This appears to be the rule approved and adopted by the courts in all recent decisions bearing upon the question.

In the case of *McKay* agt. *The City of Buffalo* (9 *Hun*, 401), a policeman while engaged in shooting and killing a dog

supposed to be mad, in the public streets of the city, negligently, carelessly and imprudently handled and manipulated his pistol so that he shot the plaintiff, inflicting a severe and dangerous wound. It was held that the police officers of the city are not to be deemed its servants or agents in such a sense as to render the city liable; the learned justice in writing the opinion in that case, repeats the rule already quoted from Dillon, and adopts it as the basis of his decision. This case was affirmed in 74 *New York*, 619. The case of *Maximilian* agt. *The Mayor and Aldermen, &c., of the City of New York* (62 *N. Y.*, 160), was an action for killing the plaintiff's intestate by the careless act of the driver of an ambulance wagon in the employ of the public charities and corrections. The commissioners of public charities were officers appointed by the mayor of the city. Their powers and duties were prescribed by statute. The rule as to the defendant's liability in that case was stated in substantially the same language of the rule as quoted from Dillon; and it was held that the defendant was not liable; that " where, by legislative enactment, a municipal corporation is required to elect or appoint an officer to perform a public duty, laid not upon it, but upon the officer, in which it *has no private interest and from which it derives no special advantage or benefit*, such officer is not a servant or agent of the municipality, and for his negligence or want of skill in the performance of his duty, or for that of a servant whom he employs, the corporation is not liable." The case of *Ham* agt. *The Mayor, Aldermen, &c., of the City of New York* (70 *N. Y.*, 459), was a case where the plaintiff claimed to be damaged by reason of defectively constructed water closets negligently used by a school maintained by the department of public instruction in the city of New York. The same rule appears to have been adopted, and it was held that the city was not liable, although the department of public instruction was by statute declared to constitute a part of the city government. The duties of the department are of a public nature, and do not relate to

Bamber agt. City of Rochester.

the exercise of corporate power. The same doctrine was held in the case of *Tone* agt. *The Mayor, Aldermen, &c., of the City of New York* (70 *N. Y.*, 157–165.)

These and numerous other cases to which our attention has been called approve and adopt the rule declared. It now remains to be determined whether or not the defendant is brought within the rule in which the maxim of *respondeat superior* applies. In the first place the board of health is elected by the common council of the city; they hold their position during the pleasure of the common council. The common council can hold them responsible for the manner in which they discharge their trust, by removing them in case of failure to discharge it properly. So far they are also brought within the rule, but the council must also be able to control them in the discharge of their duties, and those duties must relate to the exercise of corporate powers and for the peculiar benefit of a corporation in its local or special interest. In the first place the council has not power to control them in the discharge of their duties, for a portion of those duties, at least, are prescribed by the general statute of the state. In the second place the duties devolving upon the board of health do not relate to the exercise of corporate powers, neither are their duties for the benefit of the corporation in its local or special interest. Their duties relate to the preservation of the health of the public; the individuals residing in the city may be benefited by the faithful discharge of the duties of such officers; so may the public at large. The duties of such officers are, therefore, public in their nature, and they should be regarded as the servants and agents of the public instead of the corporation. We do not understand this conclusion to be in conflict with the case of *Tormey* agt. *The Mayor &c.* (12 *Hun*, 542). That case was a demurrer to the complaint. The plaintiff alleged that the servants and agents of the corporation other than the board of health took part in the illegal removal complained of, and the demurrer was overruled upon that ground. The learned justice, in

delivering the opinion of the court, says : "If the facts turn out as they have been alleged, and it must now be supposed that they will, then even if the wrong was in part committed by the health department, acts of an unlawful nature are also shown to have been perpetrated by the *officers and agents* of the defendant; and for them, and to the extent the plaintiff was injured by them, it should be held to be legally liable." Numerous other authorities were cited by the appellant, but in those cases the duties of the officers and agents were of a corporate character, and not of a public nature.

We are therefore of the opinion that the defendant is not brought within the rule, and that the plaintiff was properly non-suited upon the trial.

Judgment affirmed.

SMITH, P. J., and HARDIN, J., concur.